1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL MORROW,                              No.  2:13-cv-2188 GEB KJN PS

12                    Plaintiff,

13          v.                                    ORDER

14   SACRAMENTO D.E.A.,

15                    Defendant.

16

17          Plaintiff, who is proceeding without counsel, filed his complaint and an application to

18   proceed in forma pauperis on October 21, 2013.[1]  (ECF Nos. 1-2.)  For the reasons stated below,

19   the undersigned grants plaintiff's application to proceed in forma pauperis (ECF No. 2), but

20   dismisses his complaint without prejudice.  Plaintiff shall have leave to file an amended

21   complaint.

22          I.      Plaintiff's Application To Proceed In Forma Pauperis

23          Plaintiff requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

24   Plaintiff's application and declaration (ECF No. 2) make the showing required by 28 U.S.C. §

25   1915(a)(1).  Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

26   ////

27   _____

28   [1]  This case proceeds before the undersigned pursuant to Eastern District of California Local Rule
     302(c)(21) and 28 U.S.C. § 636(b)(1).

                                                   1

II.     Screening Plaintiff's Complaint

    a.   *General Screening Standards*

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry.  The court is also required to screen complaints brought by parties proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous if that claim is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pled, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.

In assessing whether a plaintiff's complaint fails to state a claim on which relief can be granted, the court adheres to "notice pleading" standards.  See, e.g., Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  The notice pleading standards are codified, in part, in Federal Rule of Civil Procedure 8(a), which provides:

> (a) Claim for Relief.  A pleading that states a claim for relief must contain:
>
>    (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
>    (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
>    (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Additionally, a complaint should be dismissed for failure to state a claim if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

2

1  face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550

2  U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content

3  that allows the court to draw the reasonable inference that the defendant is liable for the

4  misconduct alleged."  Id.  The court accepts all of the facts alleged in the complaint as true and

5  construes them in the light most favorable to the plaintiff.  Autotel v. Nev. Bell Tel. Co., 697 F.3d

6  846, 850 (9th Cir. 2012); Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007).  The court is

7  "not, however, required to accept as true conclusory allegations that are contradicted by

8  documents referred to in the complaint, and [the court does] not necessarily assume the truth of

9  legal conclusions merely because they are cast in the form of factual allegations."  Paulsen, 559

10  F.3d at 1071 (citations and quotation marks omitted).  Plaintiff has the responsibility to allege

11  facts to state a plausible claim for relief.  Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Serv., 572

12  F.3d 962, 969 (9th Cir. 2009) ("bald allegation of impermissible motive" was conclusory and not

13  entitled to an assumption of truth at the pleading stage).

14          The court must construe a pro se pleading liberally to determine if it states a claim and,

15  prior to dismissal, must tell the plaintiff of deficiencies in the complaint and give the plaintiff an

16  opportunity to cure those deficiencies if it appears at all possible that the plaintiff can do so.  See,

17  e.g., Lopez, 203 F.3d at 1130-31; see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir.

18  2010) (stating that courts continue to construe pro se filings liberally even when evaluating them

19  under the standard announced in Iqbal).

20          Federal courts are courts of limited jurisdiction.  Vacek v. UPS, 447 F.3d 1248, 1250 (9th

21  Cir. 2006).  The plaintiff has the burden of establishing that subject matter jurisdiction is proper.

22  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A federal court has an

23  independent duty to assess whether federal subject matter jurisdiction exists, whether or not the

24  parties raise the issue.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960,

25  967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter

26  jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not");

27  accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996) ("federal courts are under an

28  independent obligation to examine their own jurisdiction") (citation omitted).  Federal district

1    courts "may not grant relief absent a constitutional or valid statutory grant of jurisdiction," and

2    "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary

3    affirmatively appears." A-Z Int'l v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003) (citations and

4    quotation marks omitted). The court must *sua sponte* dismiss a case for lack of subject matter

5    jurisdiction. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject

6    matter jurisdiction, the court must dismiss the action."); see also Scholastic Entmt., Inc. v. Fox

7    Entmt. Group, Inc., 336 F.3d 982, 989 (9th Cir. 2003).

8              b.  *Allegations In Plaintiff's Complaint*

9         Plaintiff's complaint is one page long and purports to state claims for "entrapment,

10   envaition [sic] of privacy, mental anguish, and stress." (ECF No. 1 at 1.) The complaint reads, in

11   its entirety:

12              I Michael Arthur Morrow am hereby filing a lawsuit against the
              Sacramento DEA. From June 2013 thru [sic] October 2013 I had to
13            call internal affairs six times.   They employed there [sic]
              confidential sources to harass myself and my fiancé, at least four
14            times a month at night through our windows lights and monograms
              would be displayed keeping us awake[;] they were in the attic
15            coming after me with women making sexual comments[;] they
              broke into our home [and] stole clothing, jewlry [sic], important
16            paperwork[,] toiletries, food from the pantry and emptied out the
              freezer.   [T]he gas was sifened [sic] from the truck[,] fuses and
17            raido [sic] messed with or broken.  [T]hey have once again invaded
              my privacy, I am clean and they keep coming after me trying to
18            entrap me with drugs.  They have done all these things repeatedly[.]
              I am hereby asking for $75,000 in compensation, for damages done
19            to my fiancé[,] my home[,] and my viehicle [sic].

20   (ECF No. 1 at 2.) Plaintiff also attaches a civil cover sheet (ECF No. 1-1) checking the box

21   indicating the matter is a class action, and checking the box indicating that the action is one under

22   the Racketeer Influenced and Correct Organizations Act ("RICO") statute. None of the factual

23   allegations in the pleading suggest why these boxes were checked. Plaintiff also inexplicably

24   checked the box for "federal question" jurisdiction.  (Id.)

25              c.  *Plaintiff's Pleading Fails To Comply With Federal Rule Of Civil Procedure 8(a)*

26        Upon review of plaintiff's cursory complaint, the undersigned dismisses the complaint for

27   failure to comply with the notice pleading standards described above, but grants plaintiff leave to

28   file an amended complaint. The deficiencies in the complaint are fundamental and preclude the

                                         4

1    court from ordering service of the complaint.

2           At best, plaintiff's complaint is unintelligible.  At worst, it borders on fantastical.  For

3    instance, the allegation that members of the Sacramento office of the Drug Enforcement Agency

4    ("D.E.A.") and/or D.E.A. "confidential sources" were "in the attic coming after me with women

5    making sexual comments," displaying "lights and monagrams" that kept plaintiff awake, stealing

6    "toiletries" and "food from the pantry," and siphoning gas from plaintiff's truck, among other

7    things.  (Compl. at 2.)  Without more, these allegations are nonsensical and potentially frivolous.

8    Further, the nature of plaintiff's so-called "RICO" claim is entirely unclear, there appears to be no

9    factual basis for this matter to be a class action, and while the complaint seeks "$75,000.00," the

10   basis for such damages is inexplicable.  Fed. R. Civ. P. 8(a)(2)-(3).

11          The undersigned must inform plaintiff of the deficiencies in his pleading and give plaintiff

12   a chance to correct them.  See Lopez, 203 F.3d at 1130-31.  It appears that plaintiff may intend to

13   allege that members of the Sacramento D.E.A., an agency of the U.S. Government, has been

14   harassing him and stealing from him.  Given plaintiff's vague accusations, however, the court can

15   only guess at the claim(s) plaintiff might intend to allege, and can only guess at what factual

16   allegations might form the basis of such claim(s).  Perhaps plaintiff intends to allege a violation of

17   the Fourth Amendment's prohibition on improper searches and seizures of property.  If so,

18   however, plaintiff must provide more factual allegations to the court in order to satisfy Federal

19   Rule of Civil Procedure 8 and to proceed with litigating his case.  Further, the complaint does not

20   identify any individual D.E.A. agents or their "confidential sources" that might be responsible for

21   any alleged constitutional violation.

22          Regardless, the court informs plaintiff that 42 U.S.C. § 1983 is the vehicle through which

23   plaintiffs can seek redress for violations of rights secured by the United States constitution and

24   laws.  Section 1983 imposes civil liability upon an individual who under color of state law

25   subjects or causes, any citizen of the United States to the deprivation of any rights, privileges or

26   immunities secured by the Constitution and laws.  Franklin v. Fox, 312 F.3d 423, 444 (9th Cir.

27   2002) (citing 42 U.S.C. § 1983).  To state a claim under Section 1983, a plaintiff must allege two

28   essential elements: (1) that a right secured by the Constitution or laws of the United States was

violated, and (2) that the alleged violation was committed by a person acting under the color of State law.  Long v. County of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006) (citing West v. Atkins, 487 U.S. 42, 48 (1988)).  Section 1983 states in relevant part:

> Every person who, under color of a statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding from redress . . .

42 U.S.C. § 1983.

Once the plaintiff alleges that his or her federal rights have been violated, then a plaintiff must show that those rights were violated by a person acting under color of state law.  This means that plaintiff must name a person as a defendant in the complaint and that person must have acted under what is called "color of state law."  Persons acting under color of state law typically include officials who in some capacity represent either the state, city, or county government.  See Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d. 492 (1961), partially overruled on other grounds by Monell v. Department of Social Services of City of New York, 436 U.S. 658, 663, 98 S.Ct. 2018, 2021 (1978).  For purposes of bringing a § 1983 claim, under relatively narrow and specific circumstances, a "person" can also include a municipality such as a town, city, or one of its bodies such as the police or fire department.  Monell, 436 U.S. at 663, 98 S.Ct. at 2021.  Plaintiff does not clearly allege that a federal constitutional right was violated by a government official.  Plaintiff may, however, bring a claim against individual federal officers for constitutional violations.  Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  A Bivens claim "can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity."  Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1988).

Plaintiff's complaint does not presently comply with Rule 8, nor does it presently state a claim upon which relief may be granted under § 1983.  Accordingly, the complaint is dismissed

with leave to amend pursuant to 28 U.S.C. § 1915(e)(2) to permit plaintiff to file an amended pleading that complies with Federal Rule of Civil Procedure 8, clarifies whether he alleges violations of any of his constitutional rights, includes additional factual allegations that might support claims for such violations, and provides more context to his wide-ranging accusations. Such amended pleading shall also include allegations regarding the basis for this court's jurisdiction. Plaintiff shall file an amended pleading within 45 days of the date of this order. The amended pleading shall be titled "First Amended Complaint."

Plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Eastern District Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."). Accordingly, once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Defendants not named in an amended complaint are no longer defendants. Ferdik, 963 F.2d at 1262.

Plaintiff is also hereby informed that he is obligated to comply with court orders and the rules of litigation procedure, notwithstanding his status as a pro se litigant. Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal

Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik, 963 F.2d at 1260 ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).  Accordingly, plaintiff's failure to file an amended pleading by the deadline stated herein will result in a recommendation that this action be dismissed.

III.   CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.   Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted.

2.   Plaintiff's complaint is dismissed, but such dismissal is with leave to amend so that plaintiff can correct the pleading deficiencies described herein.  The amended pleading shall be titled "First Amended Complaint."

3.   Plaintiff is granted 45 days from the entry of this order to file an amended complaint that is complete in itself.  The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

4.   ***Failure to timely file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.***

IT IS SO ORDERED.

Dated:  November 25, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE