UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MORROW,<br><br>    Plaintiff,<br><br>    v.<br><br>SACRAMENTO D.E.A.,<br><br>    Defendant. | No.  2:13-cv-2188 GEB KJN PS<br><br><br><br>ORDER |

Plaintiff, who is proceeding without counsel, filed his complaint and an application to proceed in forma pauperis on October 21, 2013.[1] (ECF Nos. 1-2.) On November 26, 2013, the undersigned granted plaintiff's application to proceed in forma pauperis (ECF No. 2), but also dismissed his complaint without prejudice. (Order, ECF No. 4.) The undersigned gave plaintiff leave to file an amended pleading, and plaintiff filed a First Amended Complaint on December 5, 2013. (First Am. Compl., ECF No. 6.)

While plaintiff's amended pleading sheds some light on the alleged events underlying his claim(s), the amended pleading falls short of the requirements described in the undersigned's order of November 26, 2013. (ECF No. 4.) Accordingly, the undersigned will give plaintiff another opportunity to amend his pleading so as to satisfy those requirements.

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

I.   LEGAL STANDARDS

As delineated in the undersigned's prior order, the determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. The court is also required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous if that claim is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pled, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

In assessing whether a plaintiff's complaint fails to state a claim on which relief can be granted, the court adheres to "notice pleading" standards. See, e.g., Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). The notice pleading standards are codified, in part, in Federal Rule of Civil Procedure 8(a), which provides:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>
>   (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
>   (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
>   (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Additionally, a complaint should be dismissed for failure to state a claim if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

2

face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Autotel v. Nev. Bell Tel. Co., 697 F.3d 846, 850 (9th Cir. 2012); Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted). Plaintiff has the responsibility to allege facts to state a plausible claim for relief. Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("bald allegation of impermissible motive" was conclusory and not entitled to an assumption of truth at the pleading stage).

       The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, must tell the plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure those deficiencies if it appears at all possible that the plaintiff can do so. See, e.g., Lopez, 203 F.3d at 1130-31; see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when evaluating them under the standard announced in Iqbal).

       Federal courts are courts of limited jurisdiction. Vacek v. UPS, 447 F.3d 1248, 1250 (9th Cir. 2006). The plaintiff has the burden of establishing that subject matter jurisdiction is proper. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996) ("federal courts are under an independent obligation to examine their own jurisdiction") (citation omitted). Federal district

1  courts "may not grant relief absent a constitutional or valid statutory grant of jurisdiction," and

2  "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary

3  affirmatively appears." A-Z Int'l v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003) (citations and

4  quotation marks omitted). The court must *sua sponte* dismiss a case for lack of subject matter

5  jurisdiction. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject

6  matter jurisdiction, the court must dismiss the action."); see also Scholastic Entmt., Inc. v. Fox

7  Entmt. Group, Inc., 336 F.3d 982, 989 (9th Cir. 2003).

    II.    DISCUSSION

        a.  *Allegations In Plaintiff's First Amended Complaint*

10  Plaintiff's original complaint was one page long and purported to state claims for

11 "entrapment, envaition [sic] of privacy, mental anguish, and stress." (ECF No. 1 at 1.) The

12  original complaint read, in its entirety:

> I Michael Arthur Morrow am hereby filing a lawsuit against the Sacramento DEA. From June 2013 thru [sic] October 2013 I had to call internal affairs six times. They employed there [sic] confidential sources to harass myself and my fiancé, at least four times a month at night through our windows lights and monagrams would be displayed keeping us awake[;] they were in the attic coming after me with women making sexual comments[;] they broke into our home [and] stole clothing, jewlry [sic], important paperwork[,] toiletries, food from the pantry and emptied out the freezer. [T]he gas was sifened [sic] from the truck[,] fuses and raido [sic] messed with or broken. [T]hey have once again invaded my privacy, I am clean and they keep coming after me trying to entrap me with drugs. They have done all these things repeatedly[.] I am hereby asking for $75,000 in compensation, for damages done to my fiancé[,] my home[,] and my viehicle [sic].

21 (ECF No. 1 at 2.) Plaintiff also attached a civil cover sheet (ECF No. 1-1) with checked boxes

22  indicating the matter is a class action and that the action proceeds under the Racketeer Influenced

23  and Correct Organizations Act ("RICO") statute. None of the factual allegations in the pleading

24  suggested why these boxes were checked. Plaintiff also inexplicably checked the box for "federal

25  question" jurisdiction. (Id.)

26  Plaintiff's First Amended Complaint expands somewhat upon the minimal factual

27  allegations from plaintiff's original pleading. (Compare ECF No. 1 with ECF No. 6.) The

28  amended pleading is 13 pages long, and this time includes names of the numerous specific

1    individuals whom plaintiff alleges are "confidential sources" or "C.S.'s" for the Sacramento
2    office of the Drug Enforcement Agency ("D.E.A.") and who have allegedly wronged him in
3    various ways.  (First Am. Compl. at 2-13 (alleging that plaintiff's neighbors "Billy," "Nicole,"
4    "Billy's sister," "Nicole's sister," "Nicole's sister's boyfriend," the "couple living in the duplex
5    next to Billy and Nicole," "Hugh . . . the C.S. who told the rest what they were to do," "Mario
6    Flores," "Burt Flores," "Rob Davies," "Carolyn Briskie," "John Canacary," "Melissa Belle
7    Hunt," "Nate," and plaintiff's landlord "Steave Hamilton" [sic] are all allegedly confidential
8    sources for the D.E.A., and all have stolen from plaintiff and/or damaged his property and/or
9    otherwise wronged him).)  Plaintiff alleges, "[i]n October 2013[,] I had enough of the C.S.
10   neighbors trying to entrap me and harass me, steal from me, and destroy my property."  (Id. at 9.)

11         b.  *Plaintiff's First Amended Complaint Fails To Comply With Federal Rule Of Civil*
12             *Procedure 8(a)*

13           Upon review of plaintiff's First Amended Complaint, the undersigned dismisses the
14   pleading for failure to comply with the notice pleading standards described both above and in the
15   court's prior order, but grants plaintiff leave to file a Second Amended Complaint.  The
16   deficiencies in the First Amended Complaint are fundamental and preclude the court from
17   ordering it to be served.

18           Plaintiff's First Amended Complaint is somewhat clearer than his original pleading, but it
19   remains mostly unintelligible and again potentially borders on fantastical for *all the same reasons*
20   described in the court's order of November 26, 2013 (ECF No. 4).  The court again refers plaintiff
21   to that order and incorporates it fully herein.  As with plaintiff's original pleading, there remains
22   no clear basis for this court's jurisdiction.

23           As discussed in the undersigned's prior order, plaintiff must provide more factual
24   allegations to the court in order to satisfy Federal Rule of Civil Procedure 8 and to proceed with
25   litigating his case. For instance, there are no *factual allegations* as to the alleged connection
26   between the individuals named in plaintiff's First Amended Complaint and the D.E.A.  While
27   plaintiff's amended pleading includes names of individuals whom plaintiff believes to be
28   confidential sources for the D.E.A., plaintiff has not alleged a single *fact* that suggests a tie

5

between these individuals and that agency.  Plaintiff seems certain that these individuals are all affiliated with the D.E.A., but he has not yet alleged *any* non-conclusory facts plausibly suggesting such affiliation.  At most, the conclusory allegations reflect plaintiff's *suspicion* of collusive or conspiratorial behavior by defendants and plaintiff's *suspicion* of defendants' affiliation with the D.E.A., but mere suspicion is not a sufficient basis for a claim.  See Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level," and "[t]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.") (citations omitted).

      Plaintiff's amended pleading fails to include factual allegations specifying who, if anyone, allegedly wronged plaintiff *under the color of state law*.  The court therefore again informs plaintiff that 42 U.S.C. § 1983 ("Section 1983") is the vehicle through which plaintiffs can seek redress for violations of rights secured by the United States constitution and laws.  Section 1983 imposes civil liability upon an individual who, under color of state law, subjects or causes any citizen of the United States to deprivation of any rights, privileges or immunities secured by the Constitution and laws.  Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002) (citing 42 U.S.C. § 1983).  To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law.  Long v. County of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006) (citing West v. Atkins, 487 U.S. 42, 48 (1988)).  Section 1983 states in relevant part:

> Every person who, under color of a statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding from redress . . .

42 U.S.C. § 1983.

      Once a plaintiff alleges that his or her federal rights have been violated, then a plaintiff must show that those rights were violated by a person acting under color of state law.  This

requirement means that plaintiff must name a person as a defendant in the complaint and that person must have acted under what is called "color of state law." Persons acting under color of state law typically include officials who in some capacity represent the state, city, or county government. See Monroe v. Pape, 365 U.S. 167 (1961), partially overruled on other grounds by Monell v. Department of Social Services of City of New York, 436 U.S. 658, 663 (1978). For purposes of bringing a Section 1983 claim, under relatively narrow and specific circumstances, a "person" can also include a municipality such as a town, city, or one of its bodies such as the police or fire department. Monell, 436 U.S. at 663.

Here, plaintiff does not clearly allege that a federal constitutional right was violated by a government official. Plaintiff may, however, bring a claim against individual federal officers for constitutional violations. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). A Bivens claim "can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity." Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1988).

Further, the nature of plaintiff's so-called "racketeering" claim (First Am. Compl. at 12) is again entirely unclear, and while plaintiff seeks "$75,000.00," the factual basis for such damages is inexplicable. Fed. R. Civ. P. 8(a)(2)-(3).

In sum, plaintiff's First Amended Complaint again fails to comply with Rule 8, does not include factual allegations plausibly linking any of the named individuals to the D.E.A. or suggesting they acted as D.E.A. personnel, and does not presently state a claim upon which relief may be granted under Section 1983. Accordingly, the First Amended Complaint is dismissed with leave to amend pursuant to 28 U.S.C. § 1915(e)(2) to permit plaintiff to file another amended pleading that complies with Federal Rule of Civil Procedure 8, plausibly alleges an affiliation between the individuals named in the pleading and the D.E.A., clarifies whether plaintiff alleges violations of any of his constitutional rights, includes additional factual allegations that might support claims for such violations, and generally provides more context to his wide-ranging accusations. The amended pleading shall be titled "Second Amended Complaint" and shall also include allegations regarding the basis for this court's jurisdiction.

Plaintiff shall file the Second Amended Complaint within 45 days of the date of this order.

Plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Eastern District Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."). Accordingly, once a plaintiff files the Second Amended Complaint, the original complaint and his First Amended Complaint no longer serve any function in the case. Defendants not named in an amended complaint are no longer defendants. Ferdik, 963 F.2d at 1262.

Plaintiff is also hereby informed that he is obligated to comply with court orders and the rules of litigation procedure, notwithstanding his status as a pro se litigant. Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders);

Ferdik, 963 F.2d at 1260 ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).  Accordingly, plaintiff's failure to file a Second Amended Complaint by the deadline stated herein will result in a recommendation that this action be dismissed.

### III. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint (ECF No. 6) is dismissed, but such dismissal is with leave to amend so that plaintiff can correct the pleading deficiencies described herein *and* those described in the court's prior order (ECF No. 4).

2. Plaintiff is granted 45 days from the entry of this order to file a Second Amended Complaint that is complete in itself. The Second Amended Complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

3. ***Failure to timely file a Second Amended Complaint in accordance with this order will result in a recommendation that this action be dismissed.***

IT IS SO ORDERED.

Dated: January 10, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE