UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MORROW,<br><br>        Plaintiff,<br><br>   v.<br><br>SACRAMENTO D.E.A.,<br><br>        Defendant. | No.  2:13-cv-2188 GEB KJN (PS)<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

      Through these findings and recommendations, the undersigned recommends that plaintiff's case be dismissed with prejudice.  Plaintiff has failed to file an amended pleading despite having been twice warned that ***"[f]ailure to timely file a Second Amended Complaint in accordance with this order will result in a recommendation that this action be dismissed."*** (ECF Nos. 4 at 8; 7 at 9 (emphasis in originals).)  For the reasons described below, the undersigned recommends that plaintiff's case be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

I.     <u>BACKGROUND</u>

      Plaintiff Michael Morrow ("plaintiff") is proceeding without counsel in this action.[1]

////

---

[1]   This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

On November 26, 2013, the undersigned granted plaintiff's application to proceed in forma pauperis, dismissed his complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), and gave him leave to file an amended pleading within 45 days.  (ECF No. 4.)  The order concluded, "*[f]ailure to timely file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.*"  (Id. at 8 (emphasis in original).

Plaintiff filed a first amended complaint on December 5, 2013.  (ECF No. 6.)  On January 10, 2014, the court again dismissed his complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), and gave him leave to file an amended pleading within 45 days.  (ECF No. 7.)  The order again concluded, "*[f]ailure to timely file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.*"  (Id. at 9 (emphasis in original).

The deadline of February 24, 2014, has come and gone.  Plaintiff has not filed an amended pleading.  Instead, he has filed a letter stating the following: "I am tiered [sic], either compensate me or kick me to the curb."  (ECF No. 8 at 2.)  Even when construed liberally, plaintiff's letter does not suffice as, nor in any way can be construed as, an amended complaint.  Accordingly, plaintiff has failed to timely file an amended complaint in compliance with the court's January 10, 2014 order.  Moreover, plaintiff's letter seriously suggests that plaintiff has no interest in filing a further amended pleading, therefore indicating that a grant of more time to file would be futile.

II.   LEGAL STANDARD

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules.  See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Ghazali v.

1    Moran, 46 F.3d 52, 53 (9th Cir. 1995).  The Ninth Circuit Court of Appeals has stated that

2    "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a

3    way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods.

4    Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

5         Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply

6    with these Rules or with any order of the Court may be grounds for imposition by the Court of

7    any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

8    Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

13    See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the

14    same rules of procedure that govern other litigants") (overruled on other grounds).  Case law is in

15    accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's

16    case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his

17    or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the

18    court's local rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a

19    court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation

20    Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss

21    an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to

22    prosecute or comply with the rules of civil procedure or the court's orders); Ghazali, 46 F.3d at 53

23    ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik, 963

24    F.2d at 1260 ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss

25    an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City

26    of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent

27    power to control their dockets and may impose sanctions including dismissal or default).

28    ////

III.     DISCUSSION

Although involuntary dismissal can be a harsh remedy, on balance the five relevant Ferdik factors weigh in favor of dismissal of this action. See Ferdik, 963 F.2d at 1260. The first two Ferdik factors strongly support dismissal here. Plaintiff's failure to timely file an amended pleading, despite clear warnings of the consequences (ECF Nos. 4 at 8; 7 at 9), and statement that the court "either compensate [him] or kick [him] to the curb" (ECF No. 8 at 2), strongly suggest that plaintiff is not interested in seriously prosecuting this case, or at least, does not take his obligations to the court and other parties seriously. See, e.g., Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). Any further time spent by the court on this case, which plaintiff has demonstrated a lack of any serious intention to pursue, will consume scarce judicial resources and take away from other active cases. See Ferdik, 963 F.2d at 1261 (recognizing that district courts have inherent power to manage their dockets without being subject to noncompliant litigants).

The third Ferdik factor, prejudice to a defendant, also favors dismissal. Due to the defects within plaintiff's pleading, service of process upon the defendants has not been ordered. Nevertheless, defendants remain named in a lawsuit. It is difficult to quantify the prejudice suffered by defendants here; however, it is enough that defendants have been named in litigation that plaintiff has effectively abandoned. At a minimum, plaintiff's unreasonable delay in prosecuting this action has prevented defendants from attempting to resolve this case on the merits. Unreasonable delay is presumed to be prejudicial. See, e.g., In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227.

The fifth Ferdik factor, which considers the availability of less drastic measures, also supports dismissal of this action. As noted above, the court has actually pursued remedies that are less drastic than a recommendation of dismissal. See Malone v. U.S. Postal Serv., 833 F.2d 128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court actually tries alternatives before employing the ultimate sanction of dismissal"). For instance, the court also advised plaintiff that he was required to actively prosecute his action and follow the court's orders. (ECF Nos. 4, 7.) It also repeatedly warned plaintiff in plain terms that failure to

4

1  comply with court orders and failure to file an amended pleading would result in a
2  recommendation of dismissal.  (ECF Nos. 4 at 8; 7 at 9.)  Warning a plaintiff that failure to take
3  steps towards resolution of his or her action will cause the action to be dismissed satisfies the
4  requirement that the court consider alternative measures.  See, e.g., Ferdik, 963 F.2d at 1262
5  ("[O]ur decisions also suggest that a district court's warning to a party that his failure to obey the
6  court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.")
7  (citing Malone, 833 F.2d at 132-33).

8        At this juncture, the court finds no suitable alternative to a recommendation that this
9  action be dismissed.  Plaintiff failed to file an amended pleading despite multiple warnings to do
10 so (ECF Nos. 4, 7), and in light of plaintiff's in forma pauperis status, the court has little
11 confidence that plaintiff would pay monetary sanctions if they were imposed in lieu of dismissal.
12 Plaintiff disregarded the court's orders to file an amended pleading even though those orders
13 explicitly warned him that failing to do so would result in a recommendation that his case be
14 dismissed.  (ECF Nos. 4 at 8; 7 at 9.)  Furthermore, plaintiff's letter filed with the court seriously
15 suggests that plaintiff has no interest in filing an amended pleading, therefore indicating that a
16 grant of yet more time to file an amended pleading would be futile.  (See ECF No. 8.)

17       The court also recognizes the importance of giving due weight to the fourth Ferdik factor,
18 which addresses the public policy favoring disposition of cases on the merits.  However, for the
19 reasons set forth above, factors one, two, three, and five support a recommendation of dismissal
20 of this action, and factor four does not materially counsel otherwise.  Dismissal is proper "where
21 at least four factors support dismissal or where at least three factors 'strongly' support dismissal."
22 Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks
23 omitted).  Under the circumstances of this case, the other relevant factors outweigh the general
24 public policy favoring disposition of actions on their merits.  See Ferdik, 963 F.2d at 1263.  If
25 anything, a disposition on the merits has been hindered by plaintiff's own failures to comply with
26 the court's orders and the rules of litigation procedure.

27       In sum, the court endeavors to give pro se litigants who are unfamiliar with court
28 procedures a fair opportunity to present their cases.  As such, the court has given plaintiff several

opportunities to amend his defective pleading. Yet plaintiff did not seize upon these opportunities. Instead, plaintiff filed a letter indicating that he will not file a further amended complaint despite the fact that the court has provided plaintiff with cautionary instructions on multiple occasions that plaintiff's failure to do so will result in a recommendation that this case be dismissed. The court has afforded plaintiff some leniency with respect to the litigation. However, at some point, leniency must give way to considerations of limited court resources and fairness to the other compliant litigants.

IV.   CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

2. The Clerk of Court be directed to close this case and vacate all dates.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated: March 7, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE